United States District Court
Southern District of Texas
**ENTERED**
November 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **OLLIE THOMPSON,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-03130 |
| § | |
| **CAPITAL LINK MANAGEMENT LLC,** § | |
| § | |
| *Defendant*. § | |

### DEFAULT JUDGMENT ORDER

Plaintiff Ollie Thompson ("Plaintiff") filed a Motion for Default Judgment against Defendant Capital Link Management LLC ("Defendant" or "CLM") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 30. The Court **GRANTS** Plaintiff's Motion for Default Judgment and awards statutory damages. Plaintiff can move for attorney's fees and costs within thirty (30) days from the entry of this order.

### I.   PROCEDURAL BACKGROUND

On September 27, 2021, Plaintiff sued Defendant, a debt collector, under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k. In April 2022, parties notified the Court that they had reached a global settlement. ECF No. 18. Defendant, however, failed to respond to Plaintiff's repeated requests to finalize the parties' settlement agreement. Defendant's former counsel was allowed to withdraw, and Defendant was ordered to retain substitute counsel, but failed to do so. *See* ECF Nos. 17, 24. Plaintiff then requested that the Court enforce its unexecuted settlement with Defendant. ECF No. 25. The Court ordered Plaintiff to file an amended complaint outlining her requested relief. ECF No. 27. Defendant failed to appear, plead, or

otherwise defend this action in response to Plaintiff's amended complaint. Thus, pursuant to Federal Rule of Civil Procedure 55(a), default was entered against Defendant on January 9, 2023. ECF No. 29. To date, Defendant remains unrepresented.

## II. LEGAL STANDARD

In the Fifth Circuit, there are three steps to obtaining a default judgment: (1) default, (2) entry of default, and (3) default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a)-(b).

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*New York Life Ins. Co.*, 84 F.3d at 141.

Here, the first two requirements for a default judgment against Defendant have been met, and remaining for determination is whether a default judgment is warranted. "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Under Rule 55(b)(2), a court may hold an evidentiary hearing if it needs to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). A hearing is unnecessary if the court finds it can rely on affidavits and other evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary here.

### III. ANALYSIS

Plaintiff properly served her motion for default judgment on Defendant via certified mail in compliance with Rule 5.5 of the Local Rules of the Southern District of Texas. ECF No. 32. Thus, her motion is ripe for consideration.

#### A. FDCPA Claims

"A primary purpose of the FDCPA as stated by Congress was 'to eliminate abusive, deceptive, and unfair debt collection practices.'" *Houser v. LTD Fin. Servs. LP*, 512 F. Supp. 3d 746, 749 (S.D. Tex. 2021) (quoting 15 U.S.C. § 1692(e)). "It accomplishes that purpose by regulating the kind and frequency of contact a *debt collector* may have with a *consumer*, as those terms are defined under the FDCPA." *Id.* Here, Plaintiff's Amended Complaint alleges facts showing that Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a(3), and that Defendant is a "debt collector" under 15 U.S.C. § 1692a(6). ECF No. 28, Am. Compl. ¶¶ 4-5.

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c(b) by disclosing to third parties that Plaintiff allegedly owed a debt. Section 1692c(b) of the FDCPA prohibits a debt collector from communicating "in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector" unless a consumer gives prior consent directly to the debt collector or a court gives express permission. 15 U.S.C. § 1692c(b). The FDCPA broadly defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

Here, the record shows that Defendant communicated, without Plaintiff's consent, with Plaintiff's son-in-law via text message on at least two occasions in an attempt to collect an alleged

debt owed by Plaintiff. ECF No. 28, Am. Compl. ¶¶ 14-22; ECF No. 31, Thompson Aff. ¶¶ 4-9. As evidenced by the screenshots submitted by Plaintiffs, Defendant's text messages to Plaintiff's son-in-law "disclosed (1) that the communication was from CLM (without being asked); (2) that CLM is a debt collection agency; and (3) the amount of the debt Plaintiff allegedly owed." ECF No. 30-1 at 4-5. Plaintiff alleges that the call back numbers in the text messages belong to Defendant. ECF No. 28, Am. Compl. ¶ 17. Plaintiff is "not required to show that [Defendant] intended to disclose her debt to a third party to assert a § 1692c(b) claim. Courts have generally referred to the FDCPA as a 'strict-liability statute' that makes debt collectors liable even for inadvertent violations." *Thompson v. Diversified Adjustment Serv., Inc.*, No. CIV.A. H-12-922, 2013 WL 3973976, at *4 (S.D. Tex. July 31, 2013). Plaintiff's allegations, taken as true, are well-pleaded under 15 U.S.C. § 1692c(b).

Plaintiff also alleges that Defendant violated § 1692e(11) of the FDCPA by failing to disclose it was a debt collector in a text message to Plaintiff. Violations of § 1692e(11) include failure of a debt collector to disclose in the "initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

Here, Plaintiff submitted a screenshot of the text message she received from Defendant, which stated: "OLLIE THOMPSON, your ACE CASH EXPRESS loan was transferred our [sic] office for Collections. We have new programs to help you repair your credit. Please call Stevie Brown directly at 1-855-399-4956. To opt out, please reply 'STOP'." ECF No. 28, Am. Compl. ¶ 12. Plaintiff alleges that the call back number in the text message belongs to Defendant. *Id.* at ¶ 13. Defendant failed to disclose that this communication was from a debt collector, as required by

§ 1692e(11); *see also* ECF No. 31, Thompson Aff. ¶ 3 ("On or around May 20, 2021, I received a text message from Defendant which failed to disclose the name of the company the message was from and further failed to inform me that the communication was from a debt collector, as required by law."). Plaintiff's allegations, taken as true, are well-pleaded under 15 U.S.C. § 1692e(11).

The Court finds a sufficient basis in the pleadings for the default judgment requested. Accordingly, Plaintiff's Motion is **GRANTED** with respect to her claims under §§ 1692c(b) and 1692e(11) of the FDCPA.

### B. Requested Relief

Having found that the motion for default judgment should be granted and judgment entered in favor of Plaintiff, the Court must determine appropriate relief. Plaintiff seeks the maximum amount ($1,000) of statutory damages under the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2). ECF No. 30-1 at 6-7. "In considering [Plaintiff's] claim for statutory damages under the FDCPA, she need only establish that Defendant[] violated the FDCPA; she need not show actual reliance on a false representation. Nor does [Plaintiff] need to show any actual damages to recover statutory damages under the FDCPA." *Griffin v. O'Brien, Wexler, & Assocs., LLC*, No. 4:22-CV-00970, 2023 WL 4303649, at *8 (E.D. Tex. June 30, 2023) (internal citation omitted).

In determining the amount of damages to which a plaintiff is entitled, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Applying those factors to this case, the Court finds that Plaintiff is entitled to the $1,000 in statutory damages she requests.

The record shows that Defendant sent at least one text message to Plaintiff in violation of § 1692c(b) and at least two text messages to Plaintiff's son-in-law in violation of § 1692e(11). *See* ECF No. 28, Am. Compl. ¶¶ 12, 16. Thus, Plaintiff has established the Defendant violated the FDCPA on at least these three occasions. Plaintiff cites to other cases in which courts have granted default judgment against the same Defendant for its purposed non-compliance with the FDCPA and awarded the plaintiff the maximum amount of statutory damages. *See Hussaini v. Cap. Link Mgmt. LLC, No. 1:21-CV-2901-MHC-JSA*, 2023 WL 2908825, at *2 (N.D. Ga. Mar. 20, 2023) (recommending $1,000 in statutory damages against Capital Link Management under the FDCPA), *report and recommendation adopted sub nom. Hussaini v. Captial Link Mgmt. LLC*, No. 1:21-CV-2901-MHC-JSA, 2023 WL 4048691 (N.D. Ga. Apr. 14, 2023); *Peterson v. Cap. Link Mgmt. LLC*, No. 3:21CV951-MCR-HTC, 2023 WL 2885202, at *3 (N.D. Fla. Feb. 6, 2023) (same), *report and recommendation adopted*, No. 3:21CV951-MCR-HTC, 2023 WL 3045527 (N.D. Fla. Apr. 21, 2023). In line with those cases involving the same Defendant and violations of the FDCPA, the Court here also finds that an award of $1,000 in statutory damages is appropriate. As the court said in *Peterson*, "by failing to respond to the motion, Capital Link has not provided any evidence to the contrary or to justify a lesser amount." 2023 WL 2885202, at *3.

## IV.   CONCLUSION

Plaintiff's Motion for Default Judgment is **GRANTED**. Judgment is entered in the amount of $1,000 against Defendant. Final judgment will be entered separately. Plaintiff's motion for attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) must be filed with the appropriate documentation no later than thirty (30) days after the entry of this order.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas on this the 30th of November, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE