United States District Court
Southern District of Texas
**ENTERED**
January 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLLIE THOMPSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | No. 4:21-CV-3130 |
| CAPITAL LINK MANAGEMENT, LLC, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

Plaintiff Ollie Thompson seeks recovery of her attorney's fees and costs from Defendant Capital Link Management, LLC. Pls' Mot. Attys' Fees, ECF No. 307. Based on a thorough review of the briefing, case law, and the evidence presented, the Court finds Plaintiff is entitled to full reimbursement of her costs and reduced reimbursement of her attorney's fees.

**I.  BACKGROUND**

As the Court noted in its Default Judgment Order, ECF No. 33, on September 27, 2021, Plaintiff sued Defendant, a debt collector, under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, ECF No. 1. Months later,

---

[1] On January 22, 2024, the district judge to whom this case is assigned referred the motion pursuant to 28 U.S.C. § 636. *See* Notice of Referral, ECF No. 35. The motion is appropriate for a report and recommendation. 28 U.S.C. § 636(b)(1)(B).

1

the parties announced that they had settled the case, ECF No. 18, but Defendant failed to respond to Plaintiff's repeated requests to finalize the settlement agreement. Defendant's former counsel was allowed to withdraw, and Defendant was ordered to retain substitute counsel, but failed to do so.[2] *See* ECF Nos. 17, 24.

Plaintiff asked the Court to enforce the unexecuted settlement with Defendant. ECF No. 25. The Court ordered Plaintiff to file an amended complaint outlining her requested relief. ECF No. 27. Defendant did not appear, plead, or otherwise defend this action in response to Plaintiff's amended complaint. Thus, pursuant to Federal Rule of Civil Procedure 55(a), default was entered against Defendant. ECF No. 29. Subsequently, the Court granted a default judgment against Defendant in the amount of $1,000.00 and directed Plaintiff to file a motion for attorney's fees and costs no later than thirty days later. ECF No. 33. Plaintiff timely filed the instant motion, requesting $10,417.50 in attorney's fees[3] and $402.00 in costs. ECF No. 34. Defendant has not responded.

## II.     ATTORNEYS' FEES AND COSTS ARE PERMITTED UNDER THE FDCPA.

"Under the FDCPA, a plaintiff in a successful action to enforce FDCPA liability can recover the costs of the action, together with a reasonable attorney's fee

---

[2] Defendant remains unrepresented.

[3] In one instance throughout her briefing, Plaintiff requests $11,240.00 in attorney's fees, ECF No. 34 at 1. This appears to be a typographical error as everywhere else she asks for $10,417.50 and her submitted evidence corroborates that total.

2

as determined by the court." *Whatley v. Creditwatch Services, Ltd.*, No. 4:11-CV-493, 2014 WL 1287131, at *1 (E.D. Tex. Mar. 31, 2014); *see also* 15 U.S.C. § 1692k(a)(3) ("in the case of any successful action to enforce the foregoing liability, [the defendant is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court.").

For her claims raised under the FDCPA, Plaintiff was awarded $1,000.00 under 15 U.S.C. § 1692k(a)(2)(B)—the maximum amount of statutory damages available. ECF No. 33. Plaintiff's award of statutory damages under 15 U.S.C. § 1692k(a)(2)(B) entitles her to an award of a reasonable attorney's fee. *See Whatley*, 2014 WL 1287131, at *3; *see also Sanders v. Niagara Restitution Services, Inc.*, No. 6:19-CV-00199-JCB, 2020 WL 10046088, at *7 (E.D. Tex. Feb. 6, 2020) ("Here, Plaintiff has prevailed on a claim for statutory damages; therefore, he is entitled to recover reasonable cost and attorney's fees under the statute.").

### III. PLAINTIFF IS ENTITLED TO REIMBURSEMENT OF HER ATTORNEY'S FEES.

In the Fifth Circuit, the court determines a reasonable attorney's fee in two steps. *Jimenez v. Wood Cnty, Tex.*, 621 F.3d 372, 379-80 (5th Cir. 2010). First, the court must determine the lodestar, which is the number of hours *reasonably* worked multiplied by the prevailing hourly rate in the community for similar work. *Id.*[4] This

---

[4] The party seeking attorney's fees bears the burden of establishing the reasonable number of hours expended, evidenced by time records. *See League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) (citing *Watkins v. Fordice*, 7 F.3d

3

calculation does not consider any time that is excessive, duplicative, or inadequately documented. *Id.* at 379–80 (citing *Watkins*, 7 F 3d. at 457).

Next, once the court determines the lodestar, the court can adjust if needed based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[5] However, there is a strong presumption that the lodestar is reasonable and needs no further modification. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999); *see also Perdue v. Kennedy A.*, 559 U.S. 542 (2010) (discussing how the lodestar method is preferred for awarding reasonable attorney's fees).[6]

---

453, 457 (5th Cir. 1993)). The moving party also has the burden to establish a reasonable hourly rate, defined as the market rate where the district court is located. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Parties provide affidavits of other attorneys in the community to establish the reasonable hourly rate. *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). While counsel's own affidavits may sometimes be sufficient if thoroughly evidenced and documented, a mere conclusory statement that a fee is reasonable is never sufficient. *See Smith & Fuller*, 685 F.3d at 490-91 (affirming award of attorney's fees for violating a protective order); *see also Bynum v. Am. Airlines*, 166 F. App'x. 730, 736 (5th Cir. 2006) (vacating an order of attorney's fees when attorney's affidavit only provided a conclusory assertion that the fees were reasonable).

[5] The twelve factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client and; (12) awards in similar cases. *Id.* at 717–19.

[6] Following the Fifth Circuit's adoption of the *Johnson* factors, the Supreme Court stated that the lodestar method on its own is preferable to the *Johnson* approach because the *Johnson* factors, "gave very little actual guidance to district courts" thereby placing "unlimited discretion in trial judges and produc[ing] disparate results." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986). The Fifth Circuit interpreted the Supreme Court decision to incorporate the lodestar method with the *Johnson* factors by employing the two-step process discussed. *Combs v. City of Huntington*, 829 F.3d 388, 393 (5th Cir. 2016). The Fifth Circuit noted in *Combs* that enhancements using the *Johnson* factors should be rare and used only to guarantee adequate

Plaintiff seeks $9,717.50 for 29.9 hours of attorney time at an hourly rate of $325.00 per hour and $700.00 for 7 hours of paralegal time at an hourly rate of $100.00 per hour, for a total of $10,417.50 for 36.9 total hours of work in this matter.[7] ECF No. 34-1 at 5. To support her motion for attorney's fees, Plaintiff provided a declaration from her counsel, Jody Burton, a partner at Lemberg Law, LLC and knowledgeable consumer rights attorney with over 17 years of experience handling FDCPA cases. Burton Decl., ECF No. 34-2 ¶ 3. Plaintiff also provided billing records detailing the time spent on her case and nature of the work performed. ECF No. 34-3.

### A. Counsel charged a reasonable hourly rate.

"The first step in computing the lodestar is determining a reasonable hourly rate." *Malick v. NCO Fin. Services, Inc.*, No. CIV.A. H-14-1545, 2015 WL 4078037, at *2 (S.D. Tex. July 6, 2015). "'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *Id.* (quoting *McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson,* 465 U.S. 886, 104 (1984)). "The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate." *Id.* (quoting *Villegas v.*

---

representation. *Combs*, 829 F.3d at 393 (quoting *Perdue*, 559 U.S. at 559).

[7] It does not appear that Plaintiff's counsel has discounted their rates or reduced any of the time expended in this matter. ECF Nos. 34-2; 34-3.

*Regions Bank,* H:11–cv–904, 2013 WL 76719, at *3 (S.D. Tex. Jan.4, 2013) (citing *Tollett v. City of Kemah,* 285 F.3d 357, 368 (5th Cir. 2002))). "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *Id.* (quoting *Kellstrom,* 50 F.3d, at 328).

"'[A] mere conclusory statement that [a] fee [is] reasonable' is insufficient for calculating the lodestar fee." *Paul v. Trans Union, LLC*, No. 420CV00794SDJCAN, 2021 WL 3503393, at *15 (E.D. Tex. July 21, 2021), *report and recommendation adopted sub nom. Paul v. Trans Union, LLC*, No. 4:20-CV-794, 2021 WL 3487485 (E.D. Tex. Aug. 9, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)). "Instead, '[t]o inform and assist the court in [determining the reasonable rate],' the fee applicant should produce an affidavit of the attorney performing the work, information of rates actually billed and paid in similar lawsuits, *see Blum*, 465 U.S. at 896 n.11, as well as 'affidavits of other attorneys practicing [in the community in question].'" *Id.* (quoting *Tollett*, 285 F.3d at 368); *see, e.g., Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community")). "In addition to the community rate, 'a court considers the attorneys' regular rates' when determining a reasonable rate." *Id.* (quoting *La. Power & Light*

6

*Co.*, 50 F.3d at 328). "The Court is itself an expert on reasonable rates and may 'consider its own knowledge and experience concerning reasonable and proper fees.'" *Peterson v. Capital Link Mgmt. LLC*, No. 3:21CV951-MCR-HTC, 2023 WL 2885202, at *3 (N.D. Fla. Feb. 6, 2023), *report and recommendation adopted*, No. 3:21CV951-MCR-HTC, 2023 WL 3045527 (N.D. Fla. Apr. 21, 2023) (citation omitted).

In the instant case, Plaintiff's counsel submits her hourly rate is $325.00 per hour. ECF No. 34-2 ¶ 12. In support of this contention, counsel attests that given her experience and expertise in consumer rights litigation, this is a reasonable hourly rate. ECF No. 34-2 ¶ 12. Counsel also notes that "[c]ourts have consistently awarded an hourly rate of $325 for [her] work in similar FDCPA cases," and provides case citations for two recent matters: *Hussaini v. Capital Link Mgmt. LLC*, No. 1:21-CV-2901-MHC-JSA, 2023 WL 7459263, at *1 (N.D. Ga. June 14, 2023), *report and recommendation adopted*, No. 1:21-CV-2901-MHC-JSA, 2023 WL 7459261 (N.D. Ga. July 3, 2023) (approving Burton's $325/hour rate); *Peterson*, 2023 WL 2885202, at *4 (same). Based on the submitted evidence and the Court's knowledge and experience, the Court finds the requested attorney and paralegal rates[8] to be reasonable.

---

[8] Counsel failed to address the reasonableness of the paralegals' $100 hourly rate; even so, the Court finds this rate to be reasonable based on its knowledge and experience.

### B. Counsel expended reasonable hours.

"The second step in the lodestar analysis is to determine the number of hours reasonably spent on the litigation." *Jung*, 2020 WL 4569994, at *7 (citing *Forbush*, 98 F.3d at 821). "Reasonable hours do not include hours spent on clerical or nonlegal tasks." *Id.* (citing *Moreno*, 2018 WL 6334837, at *5 (citing *Johnson*, 488 F.2d at 717; *Malick*, 2015 WL 4078037, at *5); *see also Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001) (Fifth Circuit refused to award fees for paralegals doing clerical tasks). "Reviewing and calendaring deadlines; printing, copying, and filing documents; drafting cover letters; ordering transcripts; organizing and updating materials and binders; loading and organizing computer databases; redacting and assembling exhibits; and transmitting documents [are] noncompensable." *Id.* (quoting *Moreno*, 2018 WL 6334837, at *5 (citation omitted).

Plaintiff requests reimbursement of 29.9 hours of attorney time and 7.0 hours of paralegal time. ECF No. 34-1 ¶ 11. Counsel attests that "33.40 hours were expended on among other tasks, interviewing and communicating with Plaintiff, drafting the Complaint, communicating with Defendant and its counsel, and drafting a Motion to Reopen, Motion to Enforce Settlement, and Motion for Default Judgment. Further, my firm spent an additional 3.5 hours preparing Plaintiff's fee application and the supporting documentation." ECF No. 34-1 ¶¶ 7–8.

Plaintiff submitted a spreadsheet with dates, the professional's name, time

8

units, price, narrative description, and the value. ECF No. 34-3. Given this matter's necessary motion practice, as well as extensive communication (or attempted communication) with opposing counsel and Defendant, the Court finds Plaintiff's counsel expended a reasonable amount of time in prosecuting this matter.

However, it appears that several entries in the provided time-log were for clerical or non-legal work:

| 06/17/2021 | JS | Converted texted screenshots to [PDF] | 0.20 | 100.00 | 20.00 |
|---|---|---|---|---|---|
| 09/27/2021 | SHE | Filed Initial Pleadings with SDTX via [ECF] | 0.80 | 100.00 | 80.00 |
| 10/06/2021 | SHE | Filed waiver of service | 0.30 | 100.00 | 30.00 |
| 01/03/2021 | OV | E-filed joint report with court via ECF | 0.20 | 100.00 | 20.00 |
| 01/03/2021 | OV | E-filed motion for telephonic with court via [ECF] | 0.20 | 100.00 | 20.00 |
| 01/03/2021 | OV | sent initial disclosures and discovery | 0.20 | 100.00 | 20.00 |
| 01/10/2021 | OV | emailed scheduling order to OC | 0.10 | 100.00 | 10.00 |
| 01/10/2021 | OV | emailed scheduling order to court | 0.10 | 100.00 | 10.00 |
| 04/04/2022 | JS | Filed NOS via ECF | 0.10 | 100.00 | 10.00 |
| 06/07/2022 | JS | Filed Motion to extend deadline via ECF | 0.10 | 100.00 | 10.00 |
| 07/18/2022 | JS | Filed Motion to Reopen case via ECF | 0.10 | 100.00 | 10.00 |

| 12/09/2022 | JS | Inserted screenshots into [complaint] | 0.30 | 100.00 | 30.00 |
| 08/25/2023 | OV | Filed MDJ | 0.20 | 100.00 | 20.00 |
| 08/29/2023 | OV | Filed certificate of service via ECF | 0.10 | 100.00 | 10.00 |

Based on the provided descriptions, the Court finds that 3.0 hours of paralegal time was spent on clerical tasks. *See Jung*, 2020 WL 4569994, at *7.

Therefore, the Court should reduce the total paralegal hours to 4.0,[9] and calculate the lodestar as follows:

$9,717.50 (29.9 hours of attorney time at $325.00 per hour)
+ $400.00 (4.0 hours of paralegal time at $100 per hour)
$10,117.50, total amount of reasonable attorney's fees.

Plaintiff is entitled to recover $10,117.50 in attorney's fees.[10]

## IV. PLAINTIFF IS ENTITLED TO RECOVER HER REQUESTED COSTS.

Plaintiff also requests reimbursement of her filing fee in the amount of $402.00. ECF No. 34-1 at 6. "Under the FDCPA, a debt collector is liable to a successful plaintiff for the costs of the action. 15 U.S.C. § 1692k(a)(3)." *Jung v. Accredited Mgmt. Sols. LLC*, No. CV H-20-0487, 2020 WL 4569994, at *7 (S.D.

---

[9] In one case cited by counsel in support of her assertion that her hourly rate was reasonable, the court reduced the hours requested for the inclusion of clerical tasks and non-legal work. *See Peterson*, 2023 WL 2885202, at *4 (reducing hours for "the paralegal which were for clerical work, such as drafting cover letters or transmitting documents, and time spent filing or attempting to file documents (totaling 3.4 hours, $340)").

[10] The Court does not find further modification under the *Johnson* factors necessary. *See Heidtman*, 171 F.3d at 1044; *see also Perdue*, 559 U.S. 542.

Tex. Aug. 6, 2020). The costs available to a prevailing party are generally set out in 28 U.S.C. § 1920, which allows for fees of the clerk. *See Griffin v. O'Brien, Wexler, & Associates, LLC*, No. 4:22-CV-00970, 2023 WL 4303649, at *10 (E.D. Tex. June 30, 2023) (citing 28 U.S.C. § 1920). Therefore, Defendant is ordered to pay Plaintiff $402.00 for reimbursement of her filing fee.

V.   **CONCLUSION**

For the reasons given above, the Court **RECOMMENDS** that Plaintiff's motion for attorney's fees and costs be **GRANTED**, ECF No. 34, and that Defendant be ordered to pay Plaintiff's reasonable attorney's fees in the amount of $10,117.50 and costs in the amount of $402.00, for a total amount of $10,519.50.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on January 31, 2024.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**